IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PLUMMER, | 1: CASE NO. 04 CV-6770 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF |
| vs. | [Docs. 3, 4, 5, 7, 8, 9] |
| WARDEN EDWARD CADEN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not yet paid the filing fee or submitted a completed application to proceed in forma pauperis. On January 20 2005, plaintiff filed a document entitled "Motion for Security of mailing Plaintiff's Petition for Writ of Certiorari to the United States Supreme Court and Motion of Fed.R.Civ.P 52 (a) and for issuance of Subpeona to NAACP Legal Defense Fund in San Francisco and Attorney Celeste King of Congress of Racial Equality." On January 24, 2005, plaintiff filed a document entitled "Motion for Enforcement of Orders and Enforcement of United States Constitution under Fed.R.Civ.P. 4.1(b)." On February 7, 2005, plaintiff filed a document entitled "Motion of Title VII §§§ 106, 102, 2000e for unlawful intentional discrimination; under 42 U.S.C § 1985(2) by California Correctional Institution still [not] legal mailing my mail to African-American lawyers." On February 9, 2005, plaintiff filed documents which appear to be duplicative of the motions filed on January 20, 2005 and February 7, 2005. In all of these motions, plaintiff appears to be requesting injunctive relief in the form

of an order from this Court requiring the California Correctional Institution to provide copying and mailing services for him.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Plaintiff has not yet paid the filing fee for this action or submitted a completed application to proceed in forma pauperis. Therefore, the Court has not yet screened the complaint. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. At this juncture, plaintiff's motion for preliminary injunctive relief is premature. Plaintiff may file another motion for preliminary injunctive relief at a later stage. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, be denied, without prejudice, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

1  ///

2  ///

3

4  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

5  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6      IT IS SO ORDERED.

7      **Dated:  September 12, 2005**      **/s/ Dennis L. Beck**
   3b142a      UNITED STATES MAGISTRATE JUDGE