# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PIERCE PLUMMER, | CASE NO. 1:04-cv-06770-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| WARDEN EDWARD CADEN, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 30, 2004. After some difficulty obtaining the correct documents, plaintiff was granted leave to proceed in forma pauperis on February 1, 2006. Plaintiff filed an appeal of this Court's denial of his motion to vacate the payment order and the Court's denial of relief from paying the filing fee. On January 22, 2007, the Ninth Circuit Court of Appeals dismissed the second appeal for lack of jurisdiction. The Court now issues its screening order of the original complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Complaint

The court has reviewed plaintiff's complaint and finds it to be confusing and difficult to follow. In the following sections, the court will provide plaintiff with the legal standards for those claims that it appears plaintiff is attempting to pursue. Where possible, the court will address the claims it believes plaintiff is attempting to raise in this action and notify plaintiff of the deficiencies in his claims. To the extent there are claims plaintiff intended to raise but which are not addressed, plaintiff bears the burden of clarifying his claims in his amended complaint.

1

2       Plaintiff is informed that his complaint must satisfy the requirement of Federal Rule of Civil
3 Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader
4 is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need
5 only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
6 Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon
7 at trial, but only a statement sufficient to "*give the defendant fair notice of what the plaintiff's claim*
8 *is and the grounds upon which it rests.*" Id. at 47 (emphasis added).

9       Plaintiff has chosen to pursue multiple claims for relief against multiple defendants. It is
10 plaintiff's responsibility to lay out each claim against each defendant. Plaintiff should separate and
11 identify each claim. Plaintiff should then allege specific facts linking the defendants to the claims
12 against them. Laying out claims in a clear and concise manner becomes especially important in an
13 action such as this where the plaintiff is pursuing many claims against many defendants.

14       Plaintiff names Warden Edward Caden; Lieutenant R. Bass; Mailroom Supervisor Montoya;
15 Associate Warden J. Alison; United States District Judge Thelton Henderson and his clerk R.B.
16 Espinosa; Attorney General Bill Lockyer; Deputy Attorney General Stephanie Mitchell; Salinas
17 Valley District Attorney's Office and Monterey County Superior Court Clerk Marge.

18       Plaintiff first alleges that Judge Henderson improperly dismissed his prior Civil Rights
19 complaint which he identifies as "CO4-0946." Plaintiff is advised that Federal judges are absolutely
20 immune from civil liability for damages and declaratory, injunctive, and other equitable relief for
21 their judicial acts. Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir.
22 1987), cert. denied, 486 U.S. 1040 (1988). "'A judge will not be deprived of immunity because the
23 action he took was in error, was done maliciously, or was in excess of his authority; rather, he will
24 be subject to liability only when he has acted in the clear absence of all jurisdiction.'" Mullis, 828
25 F.2d at 1388 (quoting Stumpman v. Sparkman, 435 U.S. 349, 356-357 (1978)). A clear absence of
26 all jurisdiction means a clear lack of all subject matter jurisdiction. Id. at 1389. Accordingly,
27 plaintiff fails to state a cognizable claim for relief against Judge Henderson.

28

1       a.       <u>Fourth Amendment Claims</u>

2       Plaintiff claims that defendant Lieutenant Bass falsified a lock up order on June 10, 2004 by stating that plaintiff slept in the upper bunk. Plaintiff alleges that prison authorities claim to have found a knife in the vent closest to the upper bunk. Plaintiff claims his Fourth Amendment rights were violated by the lock-up order. It is unclear whether plaintiff claims his Fourth Amendment rights were violated by a search or by a seizure. Plaintiff must clarify this claim. In doing so, plaintiff is advised that prisoners, despite their conviction and confinement, do not forfeit all constitutional rights. <u>Bell v. Wolfish</u>, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877 (1979). "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." <u>Turner v. Safley</u>, 482 U.S. at 84, 107 S.Ct. at 2259. Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404 (1987); <u>Bell v. Wolfish</u>, 441 U.S. at 546-47, 99 S.Ct. at 1877-78. The Ninth Circuit has held that the Fourth Amendment right of people to be secure against unreasonable searches and seizures "extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context." <u>Thompson v. Souza</u>, 111 F.3d 694, 699 (9th Cir. 1997), *citing*, <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir.1988); In <u>Turner v. Safley</u>, the Supreme Court set forth the standard for evaluating prisoners' constitutional claims. The Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." <u>Turner v. Safley</u>, 482 U.S. at 89, 107 S.Ct. at 2261. Further, "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." <u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989). "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." <u>Id</u>.

25       b.       <u>Denial of Access to the Court</u>

26       Plaintiff claims that he was denied his access to the court system because Officer Peterson refused to make copies for him. Plaintiff also alleges that defendants Montoya, Bass, and Allison denied him "indigent envelopes." Inmates have a fundamental constitutional right of access to the

4

courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 at 351.

Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ. P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983 for denial of access to the courts. Plaintiff has not demonstrated that he has suffered any actual injury resulting from the actions complained of. Accordingly, plaintiff fails to state a claim.

    c.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff has named R.B. Espinosa; Attorney General Bill Lockyer, Deputy Attorney General Stephanie Mitchell; District Attorneys' Office Salinas Valley and Monterey County Clerk "Marge." However, plaintiff's allegations do not link any acts or omissions of these defendants to a violation of his plaintiff's rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against these defendants. Plaintiff's amended complaint must set forth sufficient facts linking each named defendant to an action or omission that demonstrates a violation of plaintiff's rights.

    d.    <u>Supervisory Defendants</u>

In addition, in amending his complaint, plaintiff is advised to carefully review the following legal standards with respect to his claims against supervisory personnel such as Warden Caden and Bill Lockyer.

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, a damages claim against defendants in their official capacities is not cognizable and must be dismissed from the action.

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968,

973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In amending his complaint, plaintiff is directed to be mindful that the warden and Attorney General's positions, without more, are an insufficient basis upon which to impose liability under section 1983.

e.   Inmate Appeals

While unclear, plaintiff makes various allegations regarding his inmate appeals. To the extent plaintiff seeks to bring claims based on these grievances, he is advised that to state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641,

647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Absent circumstances not alleged in the instant complaint, actions in reviewing prisoner's inmate appeal cannot serve as the basis for liability under section 1983. <u>Buckley</u>, 997 F.2d at 495.

    C.    Conclusion

The court finds that plaintiff's complaint, as filed, does not contain any claims for relief that are cognizable under section 1983. The court has provided plaintiff with the applicable legal standards and will provide plaintiff with the opportunity to file an amended complaint to cure the deficiencies identified by the court in this order.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form; and

3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint; and

4. <u>The failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **April 13, 2007**            /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE