# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PLUMMER,<br><br>            Plaintiff,<br><br>     vs.<br><br>WARDEN EDWARD CADEN, et al.,<br><br>            Defendants.<br>_____/ | 1: CASE NO. 04 CV-6770 AWI DLB P<br><br>FINDINGS AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br>[Doc. 65]<br><br>OBJECTIONS DUE MAY 30, 2007 |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2007, plaintiff filed a motion for preliminary injunction. While unclear, it appears that plaintiff is seeking disclosure of his medical records from the Los Angeles County District Attorney's Office in criminal case number KA044267.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the

merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In a separate order, the court dismissed plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and ordered plaintiff to file an amended complaint within thirty days. At this juncture, the court does not yet have before it an actual case or controversy. Further, assuming that plaintiff files an amended complaint that states cognizable claims for relief under section 1983, until the complaint has been served on defendants and they have appeared in this action, the court will not have jurisdiction over any of the defendants and may not issue any orders mandating that they take certain action. Zepeda, 753 F.2d at 727.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed April 23, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before May 30, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 3, 2007**            /s/ **Dennis L. Beck**

|  |
|---|
| UNITED STATES MAGISTRATE JUDGE |