# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PIERCE PLUMMER,<br><br>             Plaintiff,<br><br>       v.<br><br>UNITED STATES, et al.,<br><br>             Defendants.<br>_____ / | CASE NO. 1:04-cv-06770-AWI-DLB PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>ORDER DENYING PENDING MOTIONS AS MOOT |

I.  Screening Order

   A.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also seeks relief under the Federal Tort Claim Act of 1946, and 28 U.S.C. §1346(B), 2671 et seq. Plaintiff filed this action on December 30, 2004. After some difficulty obtaining the correct documents, plaintiff was granted leave to proceed in forma pauperis on February 1, 2006. Plaintiff filed an appeal of this Court's denial of his motion to vacate the payment order and the Court's denial of relief from paying the filing fee. On January 22, 2007, the Ninth Circuit Court of Appeals dismissed the second appeal for lack of jurisdiction. On April 13, 2007, the Court dismissed plaintiff's complaint for failure to state a cognizable claim for relief, with leave to amend. Plaintiff filed an appeal of this Court's dismissal of his complaint. On December 13, 2007, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction.

1   The Court now issues its screening order of the amended complaint filed June 1, 2007.

2   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. <u>Plaintiff's Amended Complaint</u>

Federal Rule of Civil Procedure 8(a) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id</u>. at 47.

Further, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The court has reviewed plaintiff's amended complaint. Plaintiff has chosen to pursue multiple claims for relief against multiple defendants, but fails to lay out each claim against each defendant, as directed by the court's order of April 13, 2007. Plaintiff was advised by the court in its April 13, 2007 order that he should separate and identify each claim. Plaintiff was further advised that he should then allege specific facts linking the defendants to the claims against them. Laying out claims in a clear and concise manner becomes especially important in an action such as this where the plaintiff is pursuing many claims against many defendants. Plaintiff was also provided with the legal standards for those claims that it appeared plaintiff was attempting to pursue.

Plaintiff's amended complaint does not comply with Rule 8(a). The complaint is forty-seven pages long and is rambling and filled with unnecessary verbiage. Further, plaintiff's allegations are vague, conclusory, and confusing, and fail to place defendants on notice as to the basis of plaintiff's claims against them.

C.  Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims but was unable to cure them.

Accordingly, it is HEREBY ORDERED THAT:

1. This action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted;

2.  All pending motions are DENIED as moot; and

3. Plaintiff is forewarned that this dismissal shall count as a strike pursuant to 28 U.S.C. §1915(g).

IT IS SO ORDERED.

**Dated:     March 17, 2008**                    **/s/ Anthony W. Ishii**
                                                  UNITED STATES DISTRICT JUDGE